## LEGGETT *vs.* McLENDON *et al.*

1. Where trover was brought, based on a bill of sale which was lost, and the parol testimony concerning its contents was conflicting, evidence of the admissions of the holder of the bill concerning the nature of his claim on the property was admissible.

2. Under a plea of the statute of limitations to an action of trover, testimony is admissible to show how the holder acquired possession.

Evidence.   Trover.   Statute of limitations.   Before Judge CRISP.   Macon Superior Court.   May Term, 1880.

Reported in the decision.

JOHN R. WORRILL, for plaintiff in error.

J. A. ANSLEY, for defendant.

SPEER, Justice.

McLendon & Devaughan brought suit against Mrs. Leggett in trover to recover four mules and three hundred bushels of corn, on a bill of sale alleged to be lost, and which they claim was executed by Mrs. Leggett to them in December, 1873, for the property in dispute, in payment of a debt due by her to them in the amount of five hundred and fifty dollars.   The execution, terms and consideration of this bill of sale were sought to be proved by parol, and for this purpose Devaughan and other witnesses testified on the part of plaintiff.

On the other hand, defendant denied the execution of any such paper as claimed by plaintiffs, but insisted there was a bill of sale executed only to one of the plaintiffs, Devaughan, as trustee for the defendant, to protect this property in dispute as her separate property from the debts of her husband, who was pecuniarily embarrassed, and that the same was executed for the benefit of defendant and her children, and in support of her theory of the

defense, testified herself and introduced other witnesses corroborating her view.

Defendant offered to prove by George V. Hunter, one of her witnesses sworn, that on the day the bill of sale was executed, and after it was made, about which the parties had testified, that Devaughan, one of the plaintiffs, had told him, the witness, "to go to defendant's (Mrs. Leggett's) house and take charge of the corn and mules, for the benefit of Mrs. Leggett and her children," which testimony was repelled by the court. The jury found a verdict for the plaintiff. Defendant moved for a new trial, and one of the main grounds of error alleged is the rejection by the court of this testimony sought to be introduced, which would have been testified to by Hunter.

This suit was brought to recover the property in dispute on a bill of sale alleged to have been lost by plaintiffs. What were its terms, who were the parties, witnesses, and what was the consideration of the deed, were questions that were sought to be established by parol proof. The defendant's theory of this case was widely variant from the plaintiffs', and denied making such a paper as was testified to by plaintiff. We think this rejected evidence was competent, inasmuch as the contents of this lost deed were to be established by parol proof, and as to what were really the contents and terms of that deed was the main point of controversy between the parties. It was competent as an admission made by one of the plaintiffs to this suit, as it tended to establish the defense set up, but it was also competent in another view. In this case the statute of limitations was pleaded, nearly five years had elapsed from the date of this bill of sale to the commencement of this suit, and it was important, in view of the statute, for the defendant to show that she had been in possession of this property adversely for more than four years prior to this suit, as to how, and for what purpose, and in what manner she acquired possession was of importance to her under the defense she had made.

We therefore think she was entitled to the benefit of this testimony, and especially so when the plaintiff, Devaughan, as a witness, had denied this fact when being cross-examined by defendant's counsel.

Let the judgment of the court below be reversed. '